```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
```
TAMAS JONAS,

                        Plaintiff,

        -against-

NOBLE CONSTRUCTION GROUP, LLC, BLDG
44 DEVELOPERS LLC, SUFFOLK
CONSTRUCTION COMPANY INC. and
NOBLE/SUFFOLK, A JOINT VENTURE, LLC,
and ERIKA SZENTE CUSTOM WINDOW
TREATMENTS LLC d/b/a BEACON INTERIORS,

                        Defendants.

NOBLE CONSTRUCTION GROUP, LLC,
SUFFOLK CONSTRUCTION COMPANY INC.
and NOBLE/SUFFOLK, A JOINT VENTURE,
LLC,

                        Third-Party Plaintiffs,

        -against-

WINDOWS FASHIONS, LLC d/b/a/ BEACON
INTERIORS,

                        Third-Party Defendant.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/13/2021
```

19 Civ. 5574 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Tamas Jonas, brings this action against Defendants, Noble/Suffolk, a Joint Venture, LLC, BLDG 44 Developers LLC (together, "Building Defendants"), Noble Construction Group, LLC, Suffolk Construction Company, Inc., and Erika Szente Custom Window Treatment LLC d/b/a Beacon Interiors i/s/h/a Window Fashions, LLC d/b/a Beacon Interiors ("Beacon"), asserting negligence and violations of the New York Labor Laws § 200 et seq. ("NYLL"). Third Amended Complaint ("TAC") ¶¶ 181–94, ECF No. 70; ECF No. 56. Plaintiff moves for partial summary judgment pursuant to Federal Rule of Civil Procedure 56 on the issues of Building Defendants' and Beacon's liability under NYLL §§ 240(1), 241(6),

and 200.  ECF No. 116.  For the reasons stated below, Plaintiff's motion is DENIED.

## BACKGROUND[1]

BLDG 44 Developers LLC owns a 43-story construction site located at 222 East 44th Street in Manhattan.  56.1 ¶¶ 2, 4, ECF No. 119.  The construction project involves building 429 apartments, 230 indoor parking spaces, and a 2,220 square foot commercial space.  *Id.* ¶ 4.  BLDG 44 Developers LLC entered into an agreement with Noble Construction Group, LLC to supervise the construction.  *Id.* ¶¶ 2, 5–8.  Noble Construction Group, LLC and Suffolk Construction Company, Inc. then entered into a joint venture, Noble/Suffolk, a Joint Venture, LLC, that replaced Noble Construction Group LLC in the agreement with BLDG 44 Developers LLC.  *Id.* ¶¶ 9–10.  Then, Noble/Suffolk, a Joint Venture, LLC entered into a construction contract with Beacon to install window treatments.  *Id.* ¶ 13.  Beacon hired A R Woodworks Incorporated to install "wooden pockets" at the site.  *Id.* ¶ 15.

Plaintiff, Tamas Jonas, a Hungarian immigrant, worked for A R Woodworks Incorporated as a carpenter.  ECF No. 117-11 at 2; Pl. Dep. Tr. at 8:21–24, 10:6–10, 12:15–16, ECF No. 117-1; 56.1 ¶ 1.  He and his boss, Adam Szabo, communicated via text messages and phone calls about Plaintiff's working hours.  *See, e.g.*, Pl. Dep. Tr. at 37:24–39:4, 46:18–23, 50:2–7, 51:25–52:8; *see* Szabo Dep. Tr. at 60:16–61:15, ECF No. 117-5.

At his deposition, Szabo testified that on March 20, 2019, he told Plaintiff to not return to work until the following week because they had run out of materials that would not be restocked until the next week.  Szabo Dep. Tr. at 32:21–34:10.  On March 22, 2019, at approximately 12:28 p.m., Szabo texted Plaintiff a photograph of a wooden pocket in unit 42C with the

---

[1] Citations to a paragraph the Rule 56.1 statement also includes the other parties' responses, if given.  The Court cannot take unopposed paragraphs in the Rule 56.1 statement as true: the Court must be satisfied that "each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production[.]"  *Jackson v. Fed. Exp.*, 766 F.3d 189, 194 (2d Cir. 2014).

question, "What is this?" 56.1 ¶¶ 16–17. Then, Plaintiff and Szabo exchanged a series of text messages in Hungarian. ECF No. 140-1 at 9; ECF No. 144-1. The parties agree that Szabo stated that using two pieces of wood in the pocket was incorrect, ECF No. 140-1 at 3, ECF No. 144-1 at 3, and that Plaintiff responded that long pieces of wood were not available, ECF No. 140-1 at 3, ECF No. 144-1 at 3. The parties dispute the translation of Szabo's response. According to Building Defendants, Szabo told Plaintiff that they "have to take it all back." ECF No. 140-1 at 3. In Plaintiff's translation, Szabo told Plaintiff, "So, everything needs to be redone," ECF No. 144-1 at 2, and asked him to "correct it." Pl. Dep. Tr. at 62:15–17. Plaintiff further testified that Szabo "called [him] three times or sent [him] a text message and asked [him] to go back and correct the work [he] did before." Pl. Dep. Tr. at 157:17–24.

On March 22, 2019, between 6:00 p.m. and 6:30 p.m., Plaintiff went to unit 42C at the construction site, leaned a 10 to 12 foot ladder against a window frame, and climbed 6 or 8 steps onto the ladder. 56.1 ¶¶ 19, 21–22. The ladder slid, and Plaintiff and the ladder fell to the ground. *Id.* ¶ 24. The nails and the wooden pocket of the window frame were loosened. *Id.* Another construction worker heard Plaintiff screaming in pain and saw him lying on the floor. *Id.* ¶ 27. This worker called 911 and paramedics took Plaintiff to the hospital. *Id.* ¶¶ 27–28. Plaintiff claims he suffered injuries as a result of the fall. TAC ¶ 180.

## DISCUSSION

I.   Standard of Review

Summary judgment is appropriate when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322–26 (1986).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party initially bears the burden of informing the Court of the absence of a genuine dispute of material fact by citing particular evidence in the record.  Fed. R. Civ. P. 56(c)(1); *Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro*, 287 F.3d 162, 165 (2d Cir. 2002).  If the nonmoving party has the ultimate burden of proof on specific issues at trial, the movant may also satisfy its own summary judgment burden by demonstrating that the adverse party cannot produce admissible evidence to support an issue of fact.  *Celotex*, 477 U.S. at 322–23; *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).  If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact.  *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo*, 315 F.3d at 105.  "Although a party opposing summary judgment need not prove its evidence in a form admissible at trial or under the evidentiary standard which will be required, it must show facts sufficient to enable a reasonable mind to conclude that a material dispute of fact exists." *Healy v. Chelsea Res. Ltd.*, 736 F. Supp. 488, 491–92 (S.D.N.Y. 1990) (citation omitted).  In deciding the motion, the Court views the record in the light most favorable to the nonmoving party. *Koch*, 287 F.3d at 165.

II. <u>Analysis</u>

"It is well settled that, to recover under [NYLL] § 200, § 240 and § 241 as a member of the special class for whose protection these provisions were adopted, a plaintiff must establish . .

. that he was permitted or suffered to perform work on a structure[.]" *Ahmed v. Momart Disc. Store, Ltd.*, 821 N.Y.S.2d 150, 150–51 (1st Dep't 2006).

A genuine dispute exists regarding whether Plaintiff was permitted to work at the time of the accident. Szabo testified that, two days before the accident, he told Plaintiff to not return to work until the following week because they were out of materials which would not become available until the next week. Szabo Dep. Tr. at 32:21–34:10. Plaintiff's version of events differs. At his deposition, Plaintiff testified that Szabo "called [him] three times or sent [him] a text message and asked [him] to go back and correct the work [he] did before." Pl. Dep. Tr. at 157:17–24.

Text messages in Hungarian between the two do not clarify the facts. ECF No. 140-1 at 9; ECF No. 144-1. On the afternoon of the accident, Szabo texted Plaintiff a photograph of a "wooden pocket" located in one of the penthouses. 56.1 ¶¶ 16–17. The parties agree that Szabo stated that using two pieces of wood in the pocket was incorrect, ECF No. 140-1 at 3, ECF No. 144-1 at 3, and that Plaintiff responded that long pieces of wood were not available, ECF No. 140-1 at 3, ECF No. 144-1 at 3. The parties dispute Szabo's response. According to Building Defendants, Szabo told Plaintiff that they "have to take it all back." ECF No. 140-1 at 3. In Plaintiff's translation, Szabo told Plaintiff, "So, everything needs to be redone," ECF No. 144-1 at 2, and asked him to "correct it[,]" Pl. Dep. Tr. at 62:15–17.

A reasonable jury could interpret Plaintiff's translation as Szabo directing Plaintiff to fix the error right away, whereas Building Defendants' translation does not convey the same urgency. However, when faced with a disagreement over the proper translation of a key disputed fact, courts in this district adopt the non-movant's translation because the Court interprets the facts in the light most favorable to the non-movant on a motion for summary judgment.

*Distribuidora De Discos Karen C. Por A. v. Universal Music Grp., Inc.*, No. 13 Civ. 7706, 2019 WL 1433157, at *8 (S.D.N.Y. Mar. 29, 2019); *Kasper Glob. Collection & Brokers, Inc. v. Glob. Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 552 n.8 (S.D.N.Y. 2013). Accepting Building Defendants' translation, a reasonable jury could find that Szabo had not authorized Plaintiff to work at the site on the date of his accident. *Vega v. Renaissance 632 Broadway, LLC*, 962 N.Y.S.2d 200 (2d Dep't 2013) (holding that a triable issue of fact existed as to whether a plaintiff was permitted or suffered to work where the plaintiff testified that he was directed to climb a ladder and cut pipes and his supervisor testified that he had only authorized the plaintiff to clean).

Accordingly, Plaintiff's motion for summary judgment is DENIED.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 116 and to amend the caption to conform to the caption in this order.

SO ORDERED.

Dated: September 13, 2021
       New York, New York

                                            ANALISA TORRES
                                       United States District Judge